J-S07025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDDIE WILLIAMS | : | |
| | : | |
| Appellant | : | No. 1731 MDA 2018 |

Appeal from the PCRA Order Entered September 19, 2018
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0001948-2014

BEFORE:   OLSON, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

DISSENTING MEMORANDUM BY McLAUGHLIN, J.:

**FILED: SEPTEMBER 20, 2019**

I respectfully disagree with the Majority that Eddie Williams failed to establish ineffectiveness. Thus, I would reverse the denial of PCRA relief as to this claim, vacate the judgment of sentence, and remand for a new trial.

At trial, after Williams' trial counsel elicited Williams' testimony about his prior arrests, the following exchange occurred on cross-examination:

> Q [Commonwealth]: You were asked by your Counsel about your prior arrests and you first said you had four of them, but then you only talked about two. You talked about receiving stolen property and you talked about the gun charges. What were the other two that you failed to reference?
>
> A [Williams]: Attempted robbery.
>
> Q: Attempted robbery, both of them?

---

[*] Retired Senior Judge assigned to the Superior Court.

A: I'm not sure. Honestly, it was so long ago I don't know.

N.T., Trial, 10/12/15, at 963-64.

The Majority agrees that trial counsel committed an error by opening the door to otherwise inadmissible evidence about Williams' prior arrest for attempted robbery. Majority at 6. I therefore will not belabor the point. However, because the Majority concludes that Williams failed to satisfy the two remaining prongs of the ineffectiveness standard – reasonable basis and prejudice – I will address those points.

First, I believe that Williams established that there was no reasonable basis for counsel to introduce evidence of Williams' prior arrests. We find counsel lacked a reasonable basis for counsel's action or inaction only if "an alternative not chosen offered a potential for success substantially greater than the course actually pursued." *Commonwealth v. Howard*, 719 A.2d 233, 237 (Pa. 1998).

Evidence of a defendant's prior arrest, in the absence of a related conviction, is generally inadmissible pursuant to Pennsylvania Rule of Evidence 404(b). Evidence of a prior arrest is generally disallowed (unless otherwise relevant and offered for a proper purpose) because it may lead the jury to infer either that the defendant has a "disposition to commit crimes generally," or that the defendant committed the specific crime at issue. *Commonwealth v. Scott*, 436 A.2d 607, 609 (Pa. 1981) (citation omitted).

The question of the admissibility of prior arrests typically arises in criminal cases when the Commonwealth seeks to introduce such evidence

against the defendant, or the defendant attempts to introduce it to impeach a Commonwealth witness. ***See***, ***e.g.***, ***Commonwealth v. Crispell***, 193 A.3d 919, 936-37 (Pa. 2018); ***Commonwealth v. Elliot***, 80 A.3d 415, 439-40 (Pa. 2013).

However, in the instant case, Williams' counsel first introduced evidence of Williams' prior arrests on direct examination of Williams. In so doing, he opened the door to the Commonwealth presenting further evidence of Williams' prior arrest for attempted robbery. "If [the] defendant delves into what would be objectionable testimony on the part of the Commonwealth, then the Commonwealth can probe further into the objectionable area." ***Commonwealth v. Stakley***, 365 A.2d 1298, 1300 (Pa.Super. 1976).

Here, the Majority agrees with the PCRA court that counsel had a reasonable basis for asking Williams about his prior arrests because "the strategy was not to hide from [Williams'] background, but to concede past crimes and an unsavory lifestyle, in the hopes that the jury would recognize the admission and understand that such an admission does not necessarily implicate [Williams] in the crimes being tried." Majority at 7 (quoting PCRA Court Opinion, filed 9/19/18, at 32).

I agree, in the abstract, that counsel in this case had a reasonable strategy of not hiding Williams' background. However, I respectfully submit that that is not the issue in this appeal. Rather, I believe the question is whether defense counsel took reasonable steps to effect that strategy by opening the door to evidence of Williams' prior arrest for attempted robbery,

when Williams was on trial for that offense. I cannot agree that counsel's action in this regard was reasonable when that evidence would never have become admissible but for counsel's questioning.

In these circumstances, I conclude that counsel did not have a reasonable basis for his questioning, as the "alternative not chosen offered a potential for success substantially greater than the course actually pursued." *Howard*, 719 A.2d at 237. The alternative course of action in this instance was not bringing to light Williams' arrest record to the jury. Until counsel's line of questioning, the only specific information the jury had regarding Williams' criminal record was the stipulation that it prevented him from possessing a firearm. *See* N.T., Trial, 10/12/15, at 667-78. Only counsel's error enabled the Commonwealth to cross-examine Williams to show that he had been arrested at least once for one of the offenses for which he was standing trial.

Additionally, counsel accomplished his strategy by eliciting Williams' testimony about his history of selling illegal drugs. *See id.* at 893-94. In fact, counsel managed to present that testimony without Williams mentioning his prior arrests. *See id.* at 894-910. I would thus find that Williams established that counsel did not have a reasonable basis for asking Williams about prior arrests.

I also believe Williams established prejudice. Prejudice exists in the ineffectiveness context where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Commonwealth v. Spotz*, 84 A.3d 294, 312 (Pa. 2014) (quoting

*Commonwealth v. King*, 57 A.3d 607, 613 (Pa. 2012)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Commonwealth v. Sneed*, 899 A.2d 1067, 1084 (Pa. 2006) (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). "This does not mean a different outcome would have been more likely than not." *Commonwealth v. Jones*, 210 A.3d 1014, 1019 (Pa. 2019) (citing *Commonwealth v. Laird*, 119 A.3d 972, 978 (Pa. 2015)).

I would particularly find prejudice here as one of the crimes for which the jury found Williams guilty was attempted robbery, and the jury learned about Williams' prior arrest for attempted robbery only after trial counsel opened the door to such evidence. The Majority concludes that, due to the evidence against Williams, the Commonwealth's questions "were not so prejudicial that, had they not been asked, there was a reasonable probability of acquittal." Majority at 9. This is not the correct standard. Williams did not have to show a reasonable probability of acquittal. *See Jones*, 210 A.3d at 1019. Rather, a petitioner asserting ineffectiveness must show that there is a reasonable probability "that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Spotz*, 84 A.3d at 312.

I believe Williams met that standard. Because of counsel's error, the jury was invited "to conclude that [Williams] [was] a person 'of unsavory character' and thus inclined to have committed the crimes with which [he] [was] charged." *Commonwealth v. Ross*, 57 A.3d 85, 104-05 (Pa.Super. 2012) (*en banc*)). I reach this conclusion, despite the evidence against

- 5 -

Williams, because the arrest in question was for attempted robbery, and Williams was standing trial for attempted robbery. The point the Commonwealth was making when it cross-examined Williams about his attempted robbery arrest was not lost on the jury. This is sufficient to undermine confidence in the verdict. I therefore respectfully dissent.